

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,709-05

### IN RE JAMES DWAYNE HOISAGER, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. CR-32305A
### FROM MIDLAND COUNTY

*Per curiam.*

## O R D E R

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus in Midland County and that Respondent, the Midland County District Clerk, has not timely forwarded his application to this Court or complied with Article 11.07, § 7 of the Code of Criminal Procedure.

We held this application and ordered Respondent to file a response. He responded and stated

that the deadline in Rule of Appellate Procedure 73.4(b)(5) had not expired.[1] He failed to say, however, whether he complied with Article 11.07, § 7 of the Code of Criminal Procedure. Section 7 provides: "When the attorney for the state files an answer, motion, or other pleading relating to an application for a writ of habeas corpus or the court issues an order relating to an application for a writ of habeas corpus, the clerk of the court shall mail or deliver to the applicant a copy of the answer, motion, pleading, or order." TEX. CODE CRIM. PROC. art. 11.07, § 7. Accordingly, Respondent shall file a second response. This application for leave to file a writ of mandamus shall be held in abeyance until Respondent has submitted the appropriate response. His response shall be submitted within 30 days of the date of this order.

Filed: November 27, 2019
Do not publish

---

[1] A district clerk is required to immediately forward an Article 11.07 application to this Court after a trial court makes findings of fact and conclusions of law. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(d).